UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS E. YOST, on behalf of himself and all
others similarly situated,

                Plaintiff,

-vs-                                              Case No.  2:10-cv-404-FtM-29SPC

CABLENET SERVICES UNLIMITED, INC., a
Delaware Corporation, CABLENET SERVICES
UNLIMITED (FLORIDA) LLC, a foreign limited
liability company,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion to Approve Settlement Agreement (Doc. #28) filed on December 21, 2010.  The Court subsequently ordered that the Parties to submit a copy of the settlement agreement signed by all parties by December 30, 2010 (Doc. #29).  On December 28, 2010 (Doc. #30) the Parties submitted their documentation.  The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendants.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  There are two ways for

a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties agreed the Plaintiff was not entitled to back pay, liquidated damages or attorney's fees for Count II of Plaintiff's Amended Complaint. The Defendants will pay Plaintiff full relief for Count I of the Amended Complaint. The Plaintiff has agreed to accept $1,311.75 in back wages, and $6,188.25 in liquidated damages for Count I. These payments are to be made in two separate checks made payable to Plaintiff Louis E. Yost. Counsel indicates this amount is more than what Plaintiff would recover should the case proceed to trial.

Counsel for the Plaintiff, Bill B. Berke, Esquire, shall receive $4,500.00 in attorney's fees and costs for representation of the Plaintiff. Consistent with the ruling in <u>Bonetti v. Embarq. Mgmt.</u>

Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1], Counsel indicates the settlement of the Plaintiff's recovery on the asserted claims and the issue of attorney's fees and costs were negotiated independent and *in seriatim*.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion to Approve Settlement Agreement (Doc. #28) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.  It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   29th   day of December, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement.  Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.  See Order Doc. # 27.